UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA FARDI,

    Plaintiff,                   Case No.:

v.

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

    Defendant.

_____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Menzies Aviation (USA) Inc. ("Menzies Aviation" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, removes state court civil action captioned *Sara Fardi v. Menzies Aviation (USA) Inc.,* Case No. 23-CA-016979 from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the Tampa Division of the United States District Court for the Middle District of Florida. In support of removal, Defendant provides a short and plain statement as follows:

### BACKGROUND AND TIMELINESS OF REMOVAL

1.    On December 4, 2023, Plaintiff, Sara Fardi ("Plaintiff"), filed a complaint against Menzies Aviation in the Circuit Court of the Thirteenth

1

Judicial Circuit in and for Hillsborough County, Florida, Case No. 23-CA-016979 ("Complaint" or "Compl.").

2. In the Complaint, Plaintiff asserts five counts: Count I is a race discrimination count under the Florida Civil Rights Act ("FCRA"). Count II is a national origin discrimination claim under FCRA. Count III is a retaliation claim under FCRA. Count IV is a race discrimination claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Count V is a retaliation claim under Section 1981.

3. Menzies Aviation was served with a Notice of Service of Process, Summons, and the Complaint on December 21, 2023. Menzies Aviation files this notice of removal within the 30-day period prescribed in 28 U.S.C. § 1446(b)(1).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits served on Menzies Aviation as of the date of removal are attached hereto as **Composite Exhibit A**.

5. The United States District Court for the Middle District of Florida embraces the county in which the Complaint was pending and, thus, this Court is the proper forum for removal pursuant to 28 U.S.C. § 89(b) and 1441(a).

6. Menzies Aviation is the only defendant named in the Complaint.

7. In accordance with 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on all parties and filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. A true and correct copy of the Notice of Filing Notice of Removal that will be filed and served in state court is attached hereto as **Exhibit B**.

8. Defendant has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of the right of removal.

9. By removing the above-captioned action to this Court, Defendant does not waive any of its available defenses. Defendant specifically reserves all of its available defenses.

10. This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

## GROUNDS FOR REMOVAL

11. As explained in detail below, this is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1332(a)(1) and is one that may be removed to this Court by Menzies Aviation pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff pleads causes of action under federal law over which this Court has original jurisdiction and it appears from the Complaint and otherwise that this is an action between citizens of different states, that no defendant is a citizen of the State of Florida, and that the amount in controversy exceeds $75,000.00, exclusive of

3

interest and costs. This Court may further exercise supplemental jurisdiction over Counts I, II, and III.

## I. DIVERSITY JURISDICTION

### A. The Parties Are Completely Diverse

12. As set forth below, removal is appropriate pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship between Plaintiff and Defendant.

13. Menzies Aviation is a Delaware corporation with its principal place of business in Grapevine, Texas. (**Exhibit C – Bazerkanian Declaration** ¶ 4). Accordingly, Menzies Aviation is a resident of Delaware and Texas and no other state. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 741–42 (1980); *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

14. Upon information and belief, Plaintiff is an individual is a resident of Florida, and not of Texas or Delaware. Specifically, Menzies Aviation employed Plaintiff at its operation at Tampa International Airport, and documentation supplied by Plaintiff in connection with her employment indicates that Plaintiff resides and is domiciled in Florida. Exh. C, Bazerkanian Decl. ¶ 5.

15. Accordingly, the parties are completely diverse within the meaning of 28 U.S.C. § 1332(a)(1).

### B. The Amount In Controversy Exceeds $75,000

4

16. The monetary jurisdictional prerequisite to federal jurisdiction under 28 U.S.C. § 1332(a) is also satisfied.

17. For each count in the Complaint, Plaintiff seeks front pay, back pay, lost benefits, prejudgment interest, declaratory relief, equitable relief, costs and attorneys' fees, and punitive damages.

18. The statutory threshold is met if the Court assumes the damages Plaintiff would likely seek based on her rate of pay at the time of her termination plus other

19. At the time of her termination, Plaintiff alleges that at the time of her termination she was Customer Services Agent for Menzies Aviation with a rate of pay of $15 per hour. (Compl. ¶ 8.)

20. Plaintiff alleges she was terminated on or about December 30, 2022. Accordingly, Plaintiff's back pay has allegedly accrued for more than a year and continues to accrue. Assuming a trial date of February 2025, Plaintiff's back pay alone would be valued at **$64,800** ($15 per hour for 40 hours a week from date of termination to trial). *See Santos v. Acara Sols., Inc.*, No. 6:21-CV-68-JA-DCI, 2021 WL 1382330, at *2 (M.D. Fla. Apr. 13, 2021) (citing *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011) (concluding "that back pay for purposes of the amount in controversy requirement should be calculated to the date of trial")); *Avalos v. SDI of Gulf Breeze*, No. 3:10-cv-453, 2010 WL 11565761, at *2 & n.10 (N.D.

Fla. Dec. 15, 2010) (approving use of a trial date that is 12 months following removal when calculating the amount in controversy).

21. Plaintiff also claims she would be entitled to front pay. Assuming Plaintiff sought and was awarded one year of front pay, Plaintiff's front pay is at least valued at **$31,200** ($15 per hour for 40 hours a week for one year). *Gonzalez v. Honeywell International, Inc.*, Case No: 8:16–cv–3359–T–30TGW, 2017 WL 164358, at *4 (M.D. Fla. Jan. 17, 2017) (approving the use of one years' pay when assessing front pay for purposes of an amount in controversy calculation).

22. Plaintiff also seeks punitive damages, which "must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 329 F. App'x 753, 755 (11th Cir. 2010).

23. Under the FCRA, punitive damages are capped at $100,000. Fla. Stat. § 760.11(5).

24. If punitive damages were awarded in this case, it would be conservative to estimate that such damages would be equal to Plaintiff's back pay award. *See Richardson v. Tricom Pictures & Prods, Inc.*, 334 F. Supp. 2d 1303, 1326–27 (S.D. Fla. 2004) (reducing a jury award of punitive damages in an employment discrimination case under the FCRA, and decreasing the punitive damages so that they match the back pay amount).

25. Therefore, a conservative estimate of punitive damages would be **$31,200** (an amount reflecting one year of back pay). Taken together with Plaintiff's claimed front pay and back pay, the amount exceeds the statutory minimum amount in controversy.

26. Plaintiff also seeks attorney's fees, which are recoverable under each of Plaintiff's claims because they are recoverable under the FCRA and Section 1981. Fla. Stat. § 760.021(4); 42 U.S.C. § 1981. When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees are included when calculating the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

27. A survey of recent attorneys-fee awards in single-plaintiff employment discrimination cases in this circuit suggests that reasonable attorneys' fees may, alone, exceed the statutory threshold. *See Stevens v. Mobile Cnty. Bd. of Sch. Comm'rs*, No. 1:18-cv-350, 2020 WL 1921557, at *18 (S.D. Ala. Arp. 20, 2020) (granting $100,983.75 in attorneys' fees); *Goldwire v. City of Riviera Beach*, No. 18-81285, 2022 WL 1050331, at *6 (S.D. Fla. Mar. 3, 2022) (granting $130,951.20 in attorneys' fees); *Brochin v. Sunshine Ret. Living, LLC*, No. 1:18-cv-4301, 2020 WL 10058122, at *5 (N.D. Ga. Sept. 28, 2020) (granting $65,616.36 in attorneys' fees); *Johnston v. Pye Cars of Dalton*, Inc., No. 4:19-cv-00126, 2021 WL 5149710, at *3 (N.D. Ga. Sept. 28, 2021) (granting $227,160 in attorneys' fees).

28.     Even if this court only considers attorney's fees accrued at the time of removal, *see Castillo v. GeoVera Specialty Ins.*, No. 21-cv-20059, 2021 WL 58116, at *2 (S.D. Fla. Jan. 7, 2021), the Plaintiff here has been represented by Daniel H. Hunt Attorney at Law since the commencement of her administrative case, which was filed in April, 2022. Thus, even if Plaintiff's attorney's fees accrued at the time of removal does not on its own exceed the statutory amount in controversy, Plaintiff's attorney's fees accrued since would further serve to increase the amount in controversy well above the statutory minimum.

29.     Combining back pay, front pay, punitive damages, and potential attorneys' fees, as well as any other damages sought by Plaintiff in this case, the amount in controversy well exceeds $75,000.

## II.    FEDERAL QUESTION JURISDICTION

30.     In the alternative, this Court has original jurisdiction over Counts IV and V in the Complaint because they arise under federal law, and this Court may exercise supplemental jurisdiction over Counts I, II, and III.

### A.     Counts IV and V of Plaintiff's Complaint Arise Under Federal Law.

31.     Count IV in Plaintiff's Complaint is a claim of race discrimination pursuant to 42 U.S.C. § 1981.

32. Count V in Plaintiff's Complaint is a claim of retaliation pursuant to 42 U.S.C. § 1981.

33. The Court has original jurisdiction over both Count IV and V pursuant to 28 U.S.C. § 1331.

**B. The Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Three State Law Claims.**

34. Plaintiff's three remaining claims—Counts I, II, and III—all arise under state law—specifically, the FCRA.

35. Under 28 U.S.C. § 1367, when this Court has original jurisdiction over some claims in a plaintiff's complaint, it shall also have jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

36. Courts in this circuit have exercised supplemental jurisdiction over state-law claims in employment discrimination cases that include Section 1981 claims. *See, e.g.*, *Jones v. Spherion Atlantic Enter., LLC*, 493 F. App'x 6, 7 (11th Cir. 2012) (affirming district court's exercise of supplemental jurisdiction over state law claims); *Vamper v. United Parcel Service, Inc.*, 14 F. Supp. 2d 1301, 1305 (S.D. Fla. 1998) (exercising supplemental jurisdiction over state law claims where the claims "ar[ose] from the same set of facts supporting Plaintiff's federal claims").

37. Accordingly, this Court should exercise its supplemental jurisdiction over Counts One, Two, and Three.

## CONCLUSION

38. Plaintiff and Menzies Aviation are completely diverse and the amount in controversy is sufficient to invoke this Court's jurisdiction under 28 U.S.C. § 1332.

39. In the alternative, Counts IV and V in the Complaint arise under federal law, invoking this Court's federal question jurisdiction under 28 U.S.C. 28 U.S.C. § 1331, and the Court may properly exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367.

40. This Notice of Removal is timely. This matter is therefore properly removed to this Court.

41. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed in the Hillsborough County Circuit Court and has been served upon Plaintiff.

**WHEREFORE**, Defendant Menzies Aviation prays that this notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process

as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: January 10, 2024.    Respectfully submitted,

*/s/Caroline C. Dunkle*
**FOLEY & LARDNER LLP**
Caroline C. Dunkle
Florida Bar No. 1025139
cdunkle@foley.com
100 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (407) 423-7656

Christopher Ward
*(motion for pro hac vice admission forthcoming)*
cward@foley.com
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: (312) 832-4364

***Counsel for Menzies Aviation (USA) Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 10, 2024, a copy of the foregoing was served via e-mail to all counsel of record included on the Service List of this action in state court:

Daniel H. Hunt, Esq.
PO Box 565096
Miami, FL 33256
dhuntlaw@gmail.com
***Counsel for Plaintiff***

                                              */s/ Caroline C. Dunkle*
                                              Caroline C. Dunkle

4864-3629-6858.2