# COMPOSITE EXHIBIT A



| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|----------------|---------------------|-------------------|---------|-------|---------|
| ⬇ | 9 | 12/21/2023 | AFFIDAVIT OF SERVICE RETURNED SERVED | 12/21/23 DEFT. MENZIES AVIATION (USA) INC. | 📄 | ☁ |
| ⬇ | 8 | 12/05/2023 | E-FILED SUMMONS ISSUED | | 📄 | ☁ |
| ⬇ | 8 | 12/05/2023 | E-FILED SUMMONS ISSUED | | 📄 | ☁ |
| | 7 | 12/05/2023 | General Differentiated Case Management Order | | 📄 | ☁ |
| ⬇ | 6 | 12/04/2023 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | 📄 | ☁ |
| ⬇ | 5 | 12/04/2023 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | | 📄 | ☁ |
| ⬇ | 4 | 12/04/2023 | COMPLAINT | | 📄 | ☁ |
| ⬇ | 3 | 12/04/2023 | CIVIL COVER SHEET | | 📄 | ☁ |
| | 2 | 12/04/2023 | General Differentiated Case Management Applies | | | |
| | 1 | 12/04/2023 | File Home Location - Electronic | | | |

Showing 1 to 10 of 10 entries (filtered from 0 total entries)    Previous  1  Next

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>SARA FARDI</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>MENZIES AVIATION (USA) INC</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.     TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>5</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Harrison Hunt</u>       Fla. Bar # <u>121247</u>
      Attorney or party           (Bar # if attorney)

<u>Daniel Harrison Hunt</u>       <u>12/04/2023</u>
 (type or print name)        Date

Case 8:24-cv-00104-JSM-AEP   Document 1-1   Filed 01/10/24   Page 6 of 49 PageID 18

IN THE CIRCUIT COURT FOR THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

SARA FARDI,

      Plaintiff,

v.                              CASE NO.:

MENZIES AVIATION (USA) INC.,
 a Foreign Profit Corporation

      Defendants.
_____/

## COMPLAINT

      The Plaintiff, **SARA FARDI** (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **MENZIES AVCIATION (USA) INC.,** (hereinafter "Defendant"), and in support states as follows:

### JURISDICTION AND VENUE

      1.     This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") to redress injuries resulting from Defendants unlawful, discriminatory treatment of Plaintiff based on National Origin and Race.

      2.     This Court has jurisdiction of the claims herein pursuant to 42 U.S.C. §1981.

      3.     The venue of this action is properly placed in Hillsborough County because the Defendant operates an airline where Plaintiff worked in Tampa, FL with a principal address in Hillsborough County and some of the events/employment practices hereafter alleged to be

unlawful were committed in Hillsborough County, within the jurisdiction of this Honorable Court.

4.      The Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and having its main place of business in Hillsborough County, Florida at the Tampa Airport.

5.      Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6.      Defendant is also covered under § 1981.

<u>**BACKGROUND**</u>

7.      Plaintiff is Middle Eastern female [race] of Iranian/Persian [national origin] descent.

8.      Plaintiff worked for the Employer from November 8, 2022 through December 30, 2022 as a customer service agent earning $15 per hour and working 40 hours per week.

9.      Darren, LNU, made multiple comments over the course of a few weeks in December of 2022 including that my people were terrorists and that additional security checks are needed for Iranian/Persion individuals.

10.     He made multiple comments and I reported this to Julia Moreno and was told to talk to John Vollbrecht.

11.     I followed instructions but nothing was done.  My harasser continued to embarrass me in front of customers and make inappropriate race and national origin based comments.

12.      After I complained to my supervisors, my credentials were removed and I was terminated.

13.    I was terminated in retaliation for my complaints of race and national origin discrimination about a specific co-worker.

14.    Defendant failed to care or take any action keeping Darren and terminating me.

15.    Plaintiff filed a timely US EEOC Charge of Discrimination with the EEOC and concurrently with the Florida Commission on Human Relations on or about February 3, 2023, Charge Number 511-2023-01309.

16.    A Right to Sue was issued on September 15, 2023 by Tamra Schweiberger and was copied to defendant's representative, Christina Wabiszewski of Foley & Lardner LLP, 777 Wisconsin Ave, STE 3800, Milwaukee, WI 53202 and as such, Defendant is in possession of the charge of discrimination as well as the Notice of Right to Sue.

17.    All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## COUNT I
## RACE AND COLOR DISCRIMINATION UNDER THE FCRA

18. Plaintiff reasserts her allegations in paragraph 1-17 as if fully set forth herein.

19. Section 760.10 of the FCRA states in relevant part:

"(1)    It is an unlawful employment practice for an employer:

(a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

20.    The FCRA accordingly prohibits discrimination based on Race and National Origin.

21.     The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race and color, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

22.     Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

23.     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's race and color were a significant motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

24.     As a result of Defendant's willful and malicious discriminatory actions as a result of his race and Color, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

25.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

26.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## <u>COUNT II</u>
## <u>NATIONAL ORIGIN DISCRIMINATION UNDER THE FCRA</u>

27. Plaintiff reasserts her allegations in paragraph 1-17 as if fully set forth herein.

28. Section 760.10 of the FCRA states in relevant part:

"(1)    It is an unlawful employment practice for an employer:

(a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

29.     The FCRA accordingly prohibits discrimination based on National Origin.

30.     The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race and color, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

31.     Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

32.     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's National Origin

was a significant motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

33.     As a result of Defendant's willful and malicious discriminatory actions as a result of his National Origin, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

34.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

35.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

F.   Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

G.   Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

H.   Award Plaintiff as to this count prejudgment interest; and

I.   Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

J.   Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## COUNT III
## RETALIATION UNDER THE FCRA

36.     Plaintiff reasserts her allegations in paragraph 1-17 as if fully set forth herein.

37.      Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

38.      The FCRA accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of the FCRA.

39.      Plaintiff's complaints of discrimination and disparate treatment were protected activities under the FCRA, for which she could not be adversely affected.

40.      Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the retaliatory nature of its conduct.

41.      Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's complaints of discrimination were significant motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

42.      As a result of Defendant's retaliatory actions, and its willful and malicious discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

43.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious retaliatory conduct.

44.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

K.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

L.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

M.  Award Plaintiff as to this count prejudgment interest; and

N.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

O.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

### **COUNT IV**
#### *Race Discrimination in Violation of 42 U.S.C. § 1981*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

46.     Plaintiff is a member of a protected class under § 1981.

47.     By the conduct describe above, Defendant has engaged in discrimination against the Plaintiffs because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

48.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is middle eastern or of middle eastern descent.

49.     Defendant's conduct complained of herein was willful and in disregard of

Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

50.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

51.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

52.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

54.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

56.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned

counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

p.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

q.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

r.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

s.  Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

t.  Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

u.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### *Retaliation in Violation of 42 U.S.C. § 1981*

57.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

58.  Plaintiff is a member of a protected class under §1981.

59.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

60.  Defendant's conduct complained of herein was willful and in disregard of

Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

61.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

65.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

v.   Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

w.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

x.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

y.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

z.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

aa.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated: December 4, 2023              Respectfully submitted,


_/s/  Daniel H. Hunt_

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Case Number: _____

Division: _____

__SARA FARDI__

Plaintiff(s)/Petitioner(s)

vs

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

_____

Defendant(s)/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):

    ☐ The Defendant resides within the East Division boundaries;

    ☐ The cause of action occurred within the East Division boundaries;

    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: __DANIEL H. HUNT, ESQ.__

Address: __P.O. Box 565096__

__Miami, FL 33256__

Phone Number: __(305) 495-5593__

Email Address(es): __dhuntlaw@gmail.com__

      nicole@themiamishark.com; dan@themiamishark.com

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

SARA FARDI,

      Plaintiff,

vs.                                      Case No.:

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## SUMMONS

To: MENZIES AVIATION (USA) INC., a Foreign Profit Corporation, **through their registered agent** CORPORATION SERVICE COMPANY:

                        MENZIES AVIATION (USA) INC.
                        1201 HAYS STREET
                        TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                        DANIEL H. HUNT, ESQ. (FBN 121247)
                        DHUNTLAW@GMAIL.COM
                        11767 S. Dixie Hwy #407
                        MIAMI, FL 33156

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS

## WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algun tipo de adecuaci6n para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuniquese con ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039, al menos 7 dias antes de su fecha de comparecencia o inmediatamente despues de haber recibido esta notificaci6n si faltan menos de 7 dias para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, Bame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpot akomodasyon pou ou ka patisipe nan pwose sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-o yon seri de asistans. Tanpri kontakte ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039 omwen 7 jou alavans jou ou gen pou-ou paret nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke Ii mwens ke 7 jou; si ou soud ouswa hebe, rele 711.

WITNESS my hand and the seal of said Court this ___ day of _____, 2023

(COURT SEAL)

_____
Deputy Clerk

2

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

3

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**11767 S. Dixie Hwy #407**
**MIAMI, FL 33156**

4

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

SARA FARDI

      Plaintiffs,

v.                                 Case Number: 23-CA-016979
                                            Division E

MENZIES AVIATION (USA) INC

      Defendants.

_____

**DIFFERENTIATED CASE MANAGEMENT ORDER &**

**NOTICE OF CASE MANAGEMENT HEARING**

**ON 8/14/2024 AT 10:30 AM**

**(GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)**

      THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

      Accordingly, it is now

      **FOUND, ORDERED,** and **ADJUDGED** that:

1.  **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2.  **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.**  The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.**  Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a.  Filing a motion and setting it for hearing; or

   b.  Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order.  The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**").  Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.**  Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).  A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.**  It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a.  **Date and Time for Court-Ordered Case Management Set Below.**  A date and time for the Court-Ordered Case Management Conference is set below.

   b.  **Method of Conducting Court-Ordered Case Management Conference:**  The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

   Webex: 1-904-900-2303 or 1-415-655-0001
   Access Code:  132 571 5688

   c.  **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

d.  **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

    i.  **Automatic Excusal.**

        1.  Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

        2.  Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

    ii.  **Discretionary Excusal.**

        1.  Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

            a.  The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

            b.  Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e.  **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7.  **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.**  Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.**  Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.**  Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.**  The certificate of conferral should be substantially in the following form:

      <u>**Certificate of Conferral Prior to Filing**</u>

      *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by <u>[date and method of communication (select one of the following:  in person, telephone, or video conference)]</u> with the opposing party or counsel and <u>[the opposing party or</u>*

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

    iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

    v.  It is the responsibility of counsel to select experts who:

       1.  Are prepared to make themselves available for deposition within the expert discovery period; and

       2.  Are prepared to respond promptly to requests for deposition dates.

    vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 12/04/2023 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 4/2/2024 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 5/2/2024 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 6/3/2024 |
| **Court-Ordered Case Management Conference.**<br>NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 08/14/2024<br>At<br>10:30 AM |
| **Deadline for completion of fact discovery.** | 8/30/2024 |

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel   discovery.**<br>[284 days after filing of complaint.] | 9/13/2024 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 9/30/2024 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 10/29/2024 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 11/12/2024 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 12/30/2024 |
| **Deadline for completion of mediation or non-binding arbitration.**<br>[420 days after filing of complaint.] | 1/27/2025 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 1/27/2025 |
| **Month and year of the projected trial term.**<br>[*540 days after filing of complaint; see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | May, 2025 |

ENTERED by the undersigned judge on the date imprinted below.



23-CA-016979 12/5/2023 1:47:22 PM

Circuit Judge

23-CA-016979 12/5/2023 1:47:22 PM

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

SARA FARDI,

       Plaintiff,

vs.                                  Case No.:

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

       Defendant.

_____/

## SUMMONS

To: MENZIES AVIATION (USA) INC., a Foreign Profit Corporation, **through their registered agent** CORPORATION SERVICE COMPANY:

                          MENZIES AVIATION (USA) INC.
                          1201 HAYS STREET
                          TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                          DANIEL H. HUNT, ESQ. (FBN 121247)
                          DHUNTLAW@GMAIL.COM
                          11767 S. Dixie Hwy #407
                          MIAMI, FL 33156

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

1

## <u>REQUESTS FOR ACCOMMODATIONS BY PERSONS</u>

## <u>WITH DISABILITIES</u>

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algun tipo de adecuaci6n para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuniquese con ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039, al menos 7 dias antes de su fecha de comparecencia o inmediatamente despues de haber recibido esta notificaci6n si faltan menos de 7 dias para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, Bame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpot akomodasyon pou ou ka patisipe nan pwose sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-o yon seri de asistans. Tanpri kontakte ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039 omwen 7 jou alavans jou ou gen pou-ou paret nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke Ii mwens ke 7 jou; si ou soud ouswa hebe, rele 711.

WITNESS my hand and the seal of said Court this ___ day of _____, 2023

(COURT SEAL)

_____
Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**11767 S. Dixie Hwy #407**
**MIAMI, FL 33156**

4

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

SARA FARDI

      Plaintiffs,

v.                                    Case Number: 23-CA-016979
                                           Division E

MENZIES AVIATION (USA) INC

      Defendants.

_____

## DIFFERENTIATED CASE MANAGEMENT ORDER &

## NOTICE OF CASE MANAGEMENT HEARING

## ON 8/14/2024 AT 10:30 AM

## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

      THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

      Accordingly, it is now

      **FOUND, ORDERED,** and **ADJUDGED** that:

1.  **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2.  **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.**  The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.**  Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a.     Filing a motion and setting it for hearing; or

   b.     Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order.  The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**").  Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.**  Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).  A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.**  It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a.     **Date and Time for Court-Ordered Case Management Set Below.**  A date and time for the Court-Ordered Case Management Conference is set below.

   b.     **Method of Conducting Court-Ordered Case Management Conference:**  The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

   Webex: 1-904-900-2303 or 1-415-655-0001
   Access Code:  132 571 5688

   c.     **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

    i. **Automatic Excusal.**

        1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

        2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

    ii. **Discretionary Excusal.**

        1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

            a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

            b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8.  **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.**  Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9.  **Certificate of Conferral for Non-Dispositive Motions.**

    a.  **When Required.**  Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

    b.  **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.**  Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

    c.  **Form of Certificate of Conferral.**  The certificate of conferral should be substantially in the following form:

        **Certificate of Conferral Prior to Filing**

        *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by [date and method of communication (select one of the following:  in person, telephone, or video conference)] with the opposing party or counsel and [the opposing party or*

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

    iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

    v.  It is the responsibility of counsel to select experts who:

        1.  Are prepared to make themselves available for deposition within the expert discovery period; and

        2.  Are prepared to respond promptly to requests for deposition dates.

    vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 12/04/2023 |
| **Deadline for service of complaint.** <br> [120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 4/2/2024 |
| **Deadline for adding parties.** <br> [150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 5/2/2024 |
| **Deadline for service under extensions.** <br> [180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 6/3/2024 |
| **Court-Ordered Case Management Conference.** <br> NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions. <br> [210 days after filing of complaint.] | 08/14/2024 <br> At <br> 10:30 AM |
| **Deadline for completion of fact discovery.** | 8/30/2024 |

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel   discovery.** [284 days after filing of complaint.] | 9/13/2024 |
| **Plaintiff's expert disclosure deadline.** [300 days after filing of complaint.] | 9/30/2024 |
| **Defendant's expert disclosure deadline.** [330 days after filing of complaint.] | 10/29/2024 |
| **Rebuttal expert disclosure deadline.** [344 days after filing of complaint.] | 11/12/2024 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").** [390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 12/30/2024 |
| **Deadline for completion of mediation or non-binding arbitration.** [420 days after filing of complaint.] | 1/27/2025 |
| **Deadline for completion of expert discovery.** [420 days after filing of complaint.] | 1/27/2025 |
| **Month and year of the projected trial term.** [540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | May, 2025 |

ENTERED by the undersigned judge on the date imprinted below.



23-CA-016979 12/5/2023 1:47:22 PM

Circuit Judge

23-CA-016979 12/5/2023 1:47:22 PM

Filed 12/5/2023 1:47:41 PM Hillsborough County Clerk of the Circuit Court

Case 8:24-cv-00104-JSM-AEP   Document 1-1   Filed 01/10/24   Page 41 of 49 PageID 53

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

SARA FARDI,

      Plaintiff,

vs.                                 Case No.: **23CA016979**
                                                   **DIV. E**

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## SUMMONS

To: MENZIES AVIATION (USA) INC., a Foreign Profit Corporation, **through their registered agent** CORPORATION SERVICE COMPANY:

                    MENZIES AVIATION (USA) INC.
                    1201 HAYS STREET
                    TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                    DANIEL H. HUNT, ESQ. (FBN 121247)
                    DHUNTLAW@GMAIL.COM
                    11767 S. Dixie Hwy #407
                    MIAMI, FL 33156

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

1

## <u>REQUESTS FOR ACCOMMODATIONS BY PERSONS</u>

## <u>WITH DISABILITIES</u>

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algun tipo de adecuaci6n para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuniquese con ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039, al menos 7 dias antes de su fecha de comparecencia o inmediatamente despues de haber recibido esta notificaci6n si faltan menos de 7 dias para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, Bame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpot akomodasyon pou ou ka patisipe nan pwose sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-o yon seri de asistans. Tanpri kontakte ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039 omwen 7 jou alavans jou ou gen pou-ou paret nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke Ii mwens ke 7 jou; si ou soud ouswa hebe, rele 711.

WITNESS my hand and the seal of said Court this 5th day of Dec., 2023



(COURT SEAL)

Deputy Clerk

2

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

3

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**11767 S. Dixie Hwy #407**
**MIAMI, FL 33156**

4

Case 8:24-cv-00104-JSM-AEP   Document 1-1   Filed 01/10/24   Page 45 of 49 PageID 57

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

SARA FARDI,

      Plaintiff,

vs.                                  Case No.:

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

**SUMMONS**

To: MENZIES AVIATION (USA) INC., a Foreign Profit Corporation, **through their registered agent** CORPORATION SERVICE COMPANY:

                     MENZIES AVIATION (USA) INC.
                     1201 HAYS STREET
                     TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                     DANIEL H. HUNT, ESQ. (FBN 121247)
                     DHUNTLAW@GMAIL.COM
                     11767 S. Dixie Hwy #407
                     MIAMI, FL 33156

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS

## WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algun tipo de adecuaci6n para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuniquese con ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039, al menos 7 dias antes de su fecha de comparecencia o inmediatamente despues de haber recibido esta notificaci6n si faltan menos de 7 dias para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, Bame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpot akomodasyon pou ou ka patisipe nan pwose sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-o yon seri de asistans. Tanpri kontakte ADA Coordinator, 601 E. Kennedy Blvd., Tampa, FL 33602  Phone: (813) 276-8100, extension 7039 omwen 7 jou alavans jou ou gen pou-ou paret nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke Ii mwens ke 7 jou; si ou soud ouswa hebe, rele 711.

WITNESS my hand and the seal of said Court this ___ day of _____, 2023

(COURT SEAL)

_____
Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

3

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**11767 S. Dixie Hwy #407**
**MIAMI, FL 33156**

4

Case 8:24-cv-00104-JSM-AEP Document 1-1 Filed 01/10/24 Page 49 of 49 PageID 61

# RETURN OF SERVICE

Court Stamp Here

| | | |
|---|---|---|
| Court | **IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA** | |
| Plaintiff | **SARA FARDI** | Case # **23CA016979** |
| Defendant | **MENZIES AVIATION (USA) INC.** | Hearing Date |
| Person to be Served | **Menzies Aviation (USA) INC. c/o Corporation Service Company** | Came to Hand Date/Time **12/21/2023  1:11 PM** |
| Manner of Service | **Corporate** | Service Date/Time **12/21/2023  1:49 PM** |
| Documents | **SUMMONS;CIVIL COVER SHEET;COMPLAINT;REQUEST FOR DIVISION ASSIGNMENT** | Service Fee **$75.00** |

On **12/21/2023** at:
**1201 Hays Street, Tallahassee, FL 32301** I served **Menzies Aviation (USA) INC. c/o Corporation Service Company** by:

Leaving **1** copy(ies) of this process with **Sebrena Randolph**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Sebrena Randolph who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 45-55 years of age, 5'8"-5'10" tall and weighing 240-300 lbs with glasses**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



| James Kady | **065** Process Server ID | 12/21/2023 Date Executed |
|---|---|---|

Ref  **REF-14493042**



 **Daniel H. Hunt, Esq.**

Tracking # **0120685223**
