UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA FARDI,

    Plaintiff,

v.                                             Case No. 8:24-cv-00104

MENZIES AVIATION (USA) INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

## DEFENDANT MENZIES AVIATION (USA) INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant MENZIES AVIATION (USA) INC. ("Menzies Aviation"), by and through its undersigned counsel, hereby files its Answer and Defenses to the Complaint filed by Plaintiff, SARA FARDI ("Plaintiff"). The numbered paragraphs below correspond to the numbered allegations in the Complaint.

### JURISDICTION AND VENUE

1. This paragraph is Plaintiff's characterization of her purported action, to which no response is required. To the extent that a response is required, Menzies Aviation admits that Plaintiff brings this action under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FRCA") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Menzies Aviation denies specifically that the Complaint adequately sets forth

1

any such action, that Menzies Aviation violated Plaintiff's rights under FRCA or Section 1981, that Menzies Aviation engaged in any unlawful conduct with respect to Plaintiff, and that Plaintiff is entitled to the requested relief or any other relief.

2. Admitted that this Court has subject matter jurisdiction over this action.

3. Admitted that venue is proper, and otherwise denied.

4. Admitted that Menzies Aviation is a foreign corporation that is authorized to conduct business in the state of Florida and does conduct business in the state of Florida, and otherwise denied.

5. Admitted.

6. Admitted.

## BACKGROUND

7. Menzies Aviation lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and, therefore, denies the same.

8. Admitted that Plaintiff was employed by Menzies Aviation as a Part Time Customer Service Agent from November 8, 2022 to December 23, 2022, and that Plaintiff's pay was $15 per hour, and otherwise denied.

9. Denied.

10. Admitted that Plaintiff sent an email to Julia Moreno with the subject line "REPORT," and otherwise denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted that Plaintiff filed a Charge of Discrimination with the EEOC and received a right to sue letter, and otherwise denied.

17. Admitted, upon information and belief and Plaintiff's own representations.

## COUNT I
## Race and Color Discrimination Under the FCRA

18. Menzies Aviation reincorporates its responses to Paragraphs 1–17 of the Complaint as if fully set forth herein.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 24 or to any relief whatsoever.

25. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 25 or to any relief whatsoever.

26. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 26 or to any relief whatsoever.

Denied that Plaintiff is entitled to any of the relief sought in the WHEREFORE *ad damnum* clause following paragraph 26 of the Complaint, including sub-parts (A) through (E), or to any relief whatsoever.

## COUNT II
## National Origin Discrimination Under the FCRA

27. Menzies Aviation reincorporates its responses to Paragraphs 1–17 of the Complaint as if fully set forth herein.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 33 or to any relief whatsoever.

34. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 34 or to any relief whatsoever.

35. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 35 or to any relief whatsoever.

Denied that Plaintiff is entitled to any of the relief sought in the WHEREFORE *ad damnum* clause following paragraph 35 of the Complaint, including sub-parts (F) through (J), or to any relief whatsoever.

## COUNT III
## Retaliation Under the FCRA

36. Menzies Aviation reincorporates its responses to Paragraphs 1–17 of the Complaint as if fully set forth herein.

37. Admitted.

38. Admitted.

39. Admitted that complaints of discrimination and disparate treatment are protected activities under the FCRA. Denied that Plaintiff made any such complaints or that she was "adversely affected."

40. Denied.

41. Denied.

42. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 42 or to any relief whatsoever.

5

43. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 43 or to any relief whatsoever.

44. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 44 or to any relief whatsoever.

Denied that Plaintiff is entitled to any of the relief sought in the WHEREFORE *ad damnum* clause following paragraph 44 of the Complaint, including sub-parts (K) through (O), or to any relief whatsoever.

## COUNT IV
## Race Discrimination in Violation of 42 U.S.C. § 1981

45. Menzies Aviation reincorporates its responses to Paragraphs 1–17 of the Complaint as if fully set forth herein.

46. Menzies Aviation lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and, therefore, denies the same.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 54 or to any relief whatsoever.

55. Denied.

56. Denied.

Denied that Plaintiff is entitled to any of the relief sought in the WHEREFORE *ad damnum* clause following paragraph 56 of the Complaint, including sub-parts (p) through (u), or to any relief whatsoever.

## COUNT V
## Retaliation in Violation of 42 U.S.C. § 1981

57. Menzies Aviation reincorporates its responses to Paragraphs 1–17 of the Complaint as if fully set forth herein.

58. Menzies Aviation lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and, therefore, denies the same.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied. Menzies Aviation specifically denies that Plaintiff is entitled to the damages she seeks in Paragraph 63 or to any relief whatsoever.

64. Denied.

65. Denied.

Denied that Plaintiff is entitled to any of the relief sought in the WHEREFORE *ad damnum* clause following paragraph 65 of the Complaint, including sub-parts (v) through (aa), or to any relief whatsoever.

### JURY TRIAL DEMAND

This paragraph contains a legal conclusion to which no response is required. To the extent any response is required, Menzies Aviation denies the allegations in this paragraph.

### GENERAL DENIAL

Menzies Aviation denies each and every allegation in the Complaint not specifically admitted herein.

### DEFENSES AND AFFIRMATVE DEFENSES

#### First Defense

Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

Plaintiff cannot establish a *prima facie* case of race and color discrimination under the FCRA.

#### Third Defense

Plaintiff cannot establish a *prima facie* case of national origin discrimination under the FCRA.

8

### Fourth Defense

Plaintiff cannot establish a *prima facie* case of retaliation under the FCRA.

### Fifth Defense

Plaintiff cannot establish a *prima facie* case of race discrimination under the 42 U.S.C. § 1981.

### Sixth Defense

Plaintiff cannot establish a *prima facie* case of retaliation under the 42 U.S.C. § 1981.

### Seventh Defense

Plaintiff cannot establish that she was treated differently than similarly situated employees because of her race or national origin in part because she has failed to and cannot identify any comparators.

### Eighth Defense

Plaintiff cannot establish that she suffered an adverse employment action because Plaintiff's employment with Menzies Aviation was terminated only after Plaintiff voluntarily resigned from her position with Menzies Aviation.

### Ninth Defense

Plaintiff cannot establish that her termination from employment with Menzies Aviation was connected to her race.

### Tenth Defense

Plaintiff cannot establish that her termination from employment with Menzies Aviation was connected to her national origin.

### Eleventh Defense

Plaintiff cannot establish that she was meeting Menzies Aviation's legitimate work expectations.

### Twelfth Defense

Plaintiff cannot establish a causal connection between any protected activity she allegedly engaged in and any adverse employment action taken by Menzies Aviation.

### Thirteenth Defense

Plaintiff's injuries, if any, are the result of Plaintiff's conduct and not Menzies Aviation's conduct; accordingly, Plaintiff cannot establish that she has suffered any damages as a result of any alleged unlawful conduct on Menzies Aviation's part or that she is entitled to any relief from Menzies Aviation.

### Fourteenth Defense

All actions taken by Menzies Aviation with respect to Plaintiff's employment were for legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

### Fifteenth Defense

Some or all of Plaintiff's claims are limited to the extent she has failed to mitigate her damages. Additionally, any damages alleged by Plaintiff must be offset by the interim earnings and any other pay and/or benefits received by Plaintiff since the end of her employment with Menzies Aviation, as permitted or required by law.

### Sixteenth Defense

Plaintiff's damages, if any, are limited by the doctrine of after acquired evidence.

### Seventeenth Defense

Menzies Aviation did not undertake any action toward Plaintiff with malice or with reckless indifference to Plaintiff's protected rights; therefore, Plaintiff is not entitled to punitive damages.

### RESERVATION OF RIGHTS

Menzies Aviation reserves the right to assert any and all additional defenses and affirmative defenses as may be determined necessary during the courts of discovery.

**WHEREFORE**, Menzies Aviation requests that this Court: (a) grant judgment in its favor against Plaintiff; (b) award Menzies Aviation its taxable costs incurred in connection with the instant action; and (c) grant such other and further relief as it deems just and proper.

Dated: February 7, 2024.    Respectfully submitted,

*/s/ Caroline C. Dunkle*
Christopher Ward
Admitted *Pro Hac Vice*
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: (312) 832-4364
cward@foley.com

Caroline C. Dunkle
Florida Bar No. 1025139
FOLEY & LARDNER LLP
100 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 229-2300
cdunkle@foley.com

***Counsel for Menzies Aviation (USA) Inc.***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on February 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record identified below:

Daniel H. Hunt, Esq.
PO Box 565096
Miami, FL 33256
dhuntlaw@gmail.com
***Counsel for Plaintiff***

*Caroline C. Dunkle*
Counsel for Menzies Aviation (USA), Inc.